**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

_____

JESSE L. BARELA,

     Petitioner,

vs.                                        No. 21-cv-240 WJ-CG

A. W. JACKSON, _et al_,

     Respondents.

<u>**MEMORANDUM OPINION AND ORDER**</u>

This matter is before the Court on Petitioner Jesse Barela's _pro se_ habeas petition under 28 U.S.C. § 2241 (CV Doc. 1) (Petition).  Barela challenges the constitutionality of his federal pretrial detention, including the order requiring him to remain in custody before trial.  Having reviewed the matter _sua sponte_, the Court will dismiss the Petition.

**BACKGROUND**

In December of 2019, Barela was arrested for armed robbery of an Albertsons supermarket. _See_ CR Doc. 25.[1]  He was initially charged in New Mexico's Second Judicial District Court, Case No. D-202-CR-2019-04117.  The state court conducted an arraignment on December 20, 2019 and granted the prosecutor's motion for pretrial custody.  _See_ Order in D-202-CR-2019-04117.  About nine months later, Barela was indicted for Hobbs Act Robbery in violation of 18 U.S.C. § 1951. _See_ CR Doc. 25.  The state prosecutor entered a Nolle Prosequi in deference to the federal case. _See_ Notice in D-202-CR-2019-04117.

Federal marshals re-arrested Barela on or about September 28, 2020.  On the same day,

---

[1] All "CR Doc." references are to the related criminal case, 20-cr-1228 KWR.

Attorneys Jason Bowles and Adam Okay entered an appearance on behalf of Barela in the federal case. *See* CR Doc. 37. The criminal docket reflects that Barela waived his right to be personally present at the preliminary detention hearing. *See* CR Doc. 42. The Court (Hon. Jerry Ritter) conducted the hearing on October 1, 2020 and determined Barela should remain in custody pending trial. *See* CR Doc. 45 ("Detention Order"). The Detention Order observed that based on Barela's criminal history, prior probation violations, lack of stable employment, and history of alcohol/substance abuse, no conditions of release could ensure community safety. *Id.* at 2-3. Barela did not appeal the Detention Order. *See* Docket Sheet in 20-cr-1574 JAP. The presiding District Judge (Hon. Kea Riggs) set a trial for July 12, 2021. *See* CR Doc. 24.

Petitioner filed the instant § 2241 Petition on March 18, 2021. (CV Doc. 1). He raises four grounds for relief:

Ground 1: Lack of jurisdiction, based on the fact that Judge Riggs has not produced "physical document[ation]" demonstrating a "delegation of authority[;]"

Ground 2: "Warden Act of 2005," meaning the "Warden cannot be a third party to [Barela's] case[;]"

Ground 3: Due process violations based on the alleged absence of a bond hearing and the risk of COVID-19 re-infection;[2]

---

[2] Barela had COVID-19 in November of 2020. *See* CV Doc. 1 at 9. Most of the allegations about COVID-19 appear to support his argument that he should be released from jail pending trial. To the extent he also raises claims under 42 U.S.C. § 1983 based on COVID-19 risks, the Court will not consider such relief in this habeas proceeding. *See, e.g., Sherratt v. Friel,* 2008 WL 313177, *1 (10th Cir. Feb. 4, 2008) (affirming dismissal of habeas petition that referenced prison conditions, since those claims should be brought under Section 1983); *Bentley v. Kansas Secretary of Corrections*, 1999 WL 617719, *1 (10th Cir. Aug. 16, 1999) (same).

Ground 4:  Excessive bond;

Ground 5:  Lack of jurisdiction, based on the Foreign Immunities Act;

Ground 6:  Ineffective assistance of counsel based on, inter alia, the failure to appeal the Detention Order and raise speedy trial violations.

(CV Doc. 1 at 6-7).

In the prayer for relief, Barela asks the Court to set a bond hearing within seven days or release him from custody. *Id.* at 7.  Barela paid the $5.00 habeas fee, and the matter is ready for initial review.

### DISCUSSION

The Petition is governed by Habeas Corpus Rule[3] 4 and 28 U.S.C. § 2241. Habeas Corpus Rule 4 requires a sua sponte review of habeas petitions.  "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief … the judge must dismiss the petition."  Habeas Corpus Rule 4.  "If the petition is not dismissed, the judge must order the respondent to file an answer…." *Id.*

Relief is only available under § 2241 where the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(c)(3).  Although § 2241 does not contain an express exhaustion requirement, the Tenth Circuit has held that federal pretrial detainees must exhaust all available remedies before obtaining habeas review.  *See Montez v. McKinna*, 208 F.3d 862, 866 (10th Cir. 2000) (petitioner must exhaust all remedies before seeking

---

[3] "Habeas Corpus Rule" refers to the Rules Governing Section 2254 Proceedings in the United States District Courts. The Court, in its discretion, applies those rules to the § 2241 petition. *See Boutwell v. Keating*, 399 F.3d 1203, 1211 n. 2 (10th Cir. 2005) (court acted within its discretion by applying § 2254 Rules to § 2241 petition); *McFarland v. Scott*, 512 U.S. 849, 114 (1994) (courts may summarily dismiss any habeas petition that appears legally insufficient on its face).

3

relief under § 2241); *Jones v. Perkins*, 245 U.S. 390, 391-392 (1918) ("It is well settled that in the absence of exceptional circumstances in criminal cases the regular judicial procedure should be followed and habeas corpus should not be granted in advance of a trial.").  "[A]llowing federal prisoners to bring claims in habeas proceedings that they have not yet, but still could, bring in the trial court would result in needless duplication of judicial work and would encourage judge shopping."  *Hall v. Pratt*, 97 Fed. App'x. 246 (10th Cir. 2004) (unpublished).  *See also Ray v. Denham*, 626 Fed. App'x 218, 219 (10th Cir. 2015) (unpublished) (citing a collection of cases that "applied the exhaustion rule to … federal detainees").

More recently, the Tenth Circuit "adopt[ed] the general rule that § 2241 is not a proper avenue of relief for federal prisoners awaiting federal trial."  *Medina v. Choate*, 875 F.3d 1025, 1029 (10th Cir. 2017).  The rule was announced in the context of an alleged speedy trial violation, and it is not entirely clear whether it applies to all pretrial detainees seeking habeas relief.  In any event, the Tenth Circuit emphasized that "the writ of habeas corpus should not do service for an appeal."  *Id.* (citing *United States v. Addonizio*, 442 U.S. 178, 184 n.10 (1979)).

Here, the Petition and criminal filings reflect that Barela only exhausted Ground 6 (ineffective assistance of counsel) in the pending criminal case.  Barela filed a Motion to Hire New Counsel, which alleges various deficiencies by Attorney Bowles.  *See* CR 58.  The motion recites that Barela wishes to retain his own replacement counsel.  Bowles filed a response, which suggests the attorney-client communication broke down after he declined to file frivolous motions.  *See* CR Doc. 60.  The Court (Hon. Laura Fashing) conducted a hearing on the matter on March 17, 2021.  The minutes reflect that Barela will hire new counsel, and the motion will be granted when that person enters an appearance.  *See* CR Doc. 62.  Accordingly, there are no grounds to grant habeas

relief or otherwise interfere in the criminal case based on Barela's conflict with Attorney Bowles.

As to the remaining grounds for relief, it is clear Barela failed to exhaust available remedies. He checked "No" in response to each question pertaining to earlier challenges or appeals. (CV Doc. 1 at 2-5). The criminal docket confirms Barela has not raised Grounds 1-5 before Judge Riggs. *See* Docket Sheet in 20-cr-1228 KWR. It appears Barela may have filed this § 2241 proceeding "to preempt the judge presiding over the criminal case," based on his frivolous and inaccurate belief that Judge Riggs lacks jurisdiction. *Medina*, 875 F.3d at 1028 (quoting *Williams v. Hackman*, 364 Fed. App'x. 268, 268 (7th Cir. 2010)). In any event, habeas relief is unavailable based on the failure to exhaust, and because otherwise interfering in Judge Riggs' criminal case would constitute an improper use of the writ. The Court will summarily dismiss the Petition without prejudice. Petitioner should consult his new attorney if he wishes to challenge the Detention Order or has other pretrial concerns.

**IT IS ORDERED** that Petitioner Jesse Barela's Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 (**CV Doc. 1**) is **DISMISSED**; and the Court will enter a separate judgment closing the civil habeas case.

WILLIAM P. JOHNSON
CHIEF UNITED STATES DISTRICT JUDGE

5